Ronald P. Pope, #11913
Thomas B. Diehl, #23166
Ralston, Pope & Diehl, LLC
2913 SW Maupin Lane
Topeka, KS  66614
(785) 273-8002 – Phone
(785) 273-0744 – Fax
ron@ralstonpope.com
tom@ralstonpope.com

Benjamin Jackson #26922
Jackson Legal Group, LLC
105 E. 6th Street
Scott City, Kansas 67871
Phone:  (620) 874-9844
Fax:  (307) 369-1781
ben@jacksonlegalgroup.net

*Attorneys for the plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRIAN EDWARD TAYLOR,             ) | |
| )  | |
| Plaintiff,           ) | |
| )  | |
| v.                                               ) | No. _____ |
| )  | |
| SHELDON SCOTT SHOWALTER and  ) | |
| LONG BAR S, INC.,                          ) | |
| )  | |
| Defendants.       ) | |

### COMPLAINT

COMES now the Plaintiff BRIAN EDWARD TAYLOR and for his causes of action against the defendants alleges and states as follows:

**I.    THE PARTIES:**

1. This action is a diversity action between a citizen of another state and citizens of the State of Kansas.

1

2. At all times pertinent to this matter, the Plaintiff has been and remains a resident of the State of Texas.

3. Defendant Sheldon Scott Showalter is a resident of Finney County, Kansas, and may be personally served with Summons at his residence, located at 1601 Longhorn Drive, Garden City, Finney County, Kansas 67846.

4. Defendant Long Bar S, Inc., is a Kansas for profit corporation with a current address of 4950 E. Highway 50, Garden City, Finney County, Kansas 67846. This defendant may be served with Summons by serving its resident agent, Scott M. Showalter, at 4950 E. Highway 50, Garden City, Kansas 67846.

## II.  JURISDICTION AND VENUE:

5. The Plaintiff adopts and incorporates all of the information and allegations contained in paragraphs 1-4 above as though fully set forth herein.

6. These proceedings arise under and jurisdiction is founded upon 28 U.S.C. § 1332 and the laws of the United States of America as diversity of citizenship exists between the plaintiff and the defendants and the amount in controversy exceeds the value of $75,000.00, exclusive of interest and costs.

7. Upon information and belief, complete diversity exists between the plaintiff and the defendants.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) & (b)(2).

## III.  FACTS COMMON TO ALL COUNTS:

9. The Plaintiff adopts and incorporates all of the information and allegations contained in paragraphs 1-8 above as though fully set forth herein.

10. On or about October 17, 2017, Plaintiff was in the course of his work as a Pilot Car operator assisting in the movement of an oversized load containing a windmill blade heading eastbound on Highway 50 in Finney County, Kansas.

11. Plaintiff was operating and traveling in his white 2014 Ford EC2 Van and trailing a commercial motor vehicle carrying said windmill blade. Also trailing the commercial motor vehicle was another vehicle which was being operated by William Musall, who was serving as the rear axle steerman for the windmill blade.

12. As these vehicles approached the point where Highway 50 intersects with North Farmland Road, the group prepared to block traffic such that a safe turn of the CMV carrying the windmill blade could be executed from eastbound Highway 50 onto southbound North Farmland Road. Plaintiff's vehicle was slowly moving in traffic, mirroring the speed of the CMV, and had its lights flashing to indicate that a turn by the CMV carrying the windmill blade was imminent.

13. At the same time, Defendant SHELDON SCOTT SHOWALTER was following the vehicles transporting the windmill blade and operating a 2015 white Chevy 3500 pickup which was owned by Defendant LONG BAR S, INC.

14. Upon information and belief, Defendant SHELDON SCOTT SHOWALTER was acting in his capacity as a principal, employee, and/or apparent agent of Defendant LONG BAR S, INC.

15. Upon information and belief, Defendant SHELDON SCOTT SHOWALTER has a short temper and a propensity towards violent conduct, and this information was known, or through the exercise of reasonable care, should have been known by Defendant LONG BAR S, INC.

16. As the vehicles transporting the windmill blade slowed and/or came to a stop with their lights flashing to indicate an oversized load and blocked traffic such that a safe right hand turn could be executed by the CMV carrying the blade, Defendant SHELDON SCOTT SHOWALTER became incensed that he was similarly made to stop. Accordingly, he negligently caused his full size pickup to "split" the van in which Plaintiff was a passenger and the vehicle being operated by William Musall. In the process, and due to the aggressive, negligent, and dangerous driving of the defendant, the Showalter vehicle was made to physically strike and collide with the front driver's side quarter panel and wheel of Plaintiff's van, causing damage to the same.

17. Subsequently, Defendant SHELDON SCOTT SHOWALTER exited his vehicle, and he approached the driver's side door of Plaintiff's van. Defendant then proceeded to open the Plaintiff's driver side door and physically strike him multiple times in the face, causing him injuries which are both permanent and progressive in nature.

18. After their arrival and based upon their investigation into the incident, the Finney County Sheriff's Deputies on scene arrested Defendant SHELDON SCOTT SHOWALTER for aggravated battery, disorderly conduct, and reckless driving.

19. Defendant SHELDON SCOTT SHOWALTER has been charged in the Finney County, Kansas District Court with Aggravated Battery in contravention of K.S.A. § 21-5413(b)(1)(A) arising out of his conduct on October 17, 2017.

20. As a direct and proximate result of the Defendants' actions, Plaintiff has sustained personal bodily injuries and other damages as more fully set forth below.

## COUNT I – ASSAULT
## (DEFENDANT SHOWALTER)

21. The Plaintiff adopts and incorporates all of the information and allegations contained in paragraphs 1-20 above as though fully set forth herein.

22. The actions perpetrated by Defendant SHELDON SCOTT SHOWALTER on the Plaintiff on October 17, 2017 were sufficient to constitute the intentional attempt to inflict bodily harm on Plaintiff.

23. Defendant SHELDON SCOTT SHOWALTER had apparent ability to inflict bodily harm on Plaintiff.

24. Defendant SHELDON SCOTT SHOWALTER's actions, including his attempts to physically harm the Plaintiff resulted in Plaintiff's immediate apprehension of bodily harm.

25. Plaintiff was damaged as a direct and proximate result of Defendant SHELDON SCOTT SHOWALTER's attempt to inflict bodily harm on the Plaintiff, and Defendant SHELDON SCOTT SHOWALTER is liable for such damages.

## COUNT II – BATTERY
## (DEFENDANT SHOWALTER)

26. The Plaintiff adopts and incorporates all of the information and allegations contained in paragraphs 1-25 above as though fully set forth herein.

27. Defendant SHELDON SCOTT SHOWALTER's actions on October 17, 2017, were sufficient to constitute the unprivileged and intentional touching of the Plaintiff, as he did not consent to Defendant SHELDON SCOTT SHOWALTER's violent contact, and it was obvious to the Plaintiff that Defendant SHELDON SCOTT SHOWALTER intended to harm him.

28. The contact was harmful and offensive to Plaintiff.

29. The Plaintiff was damaged both physically and emotionally as a direct and proximate result of Defendant SHELDON SCOTT SHOWALTER's contact, and Defendant SHELDON SCOTT SHOWALTER is liable for such damages.

### COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (DEFENDANT SHOWALTER)

30. The Plaintiff adopts and incorporates all of the information and allegations contained in paragraphs 1-29 above as though fully set forth herein.

31. Defendant SHELDON SCOTT SHOWALTER's conduct was intentional and in reckless disregard of Plaintiff.

32. Defendant SHELDON SCOTT SHOWALTER's conduct was extreme and outrageous.

33. Plaintiff has been made to suffer mental and emotional distress which is extreme and severe in nature, and no reasonable person should be expected to endure such mental and emotional distress.

34. Plaintiff has suffered bodily harm as a direct result of the emotional distress caused by Defendant SHELDON SCOTT SHOWALTER's conduct, and Defendant SHELDON SCOTT SHOWALTER is liable for such bodily harm and emotional distress.

### COUNT IV – NEGLIGENCE
### (DEFENDANT SHOWALTER AND DEFENDANT LONG BAR S, INC.)

35. The Plaintiff adopts and incorporates all of the information and allegations contained in paragraphs 1-34 above as though fully set forth herein.

36. At all times material hereto, Defendant SHELDON SCOTT SHOWALTER owed plaintiff a duty of reasonable care in the operation of his motor vehicle.

37. This collision was a direct result of the negligence and fault of Defendant SHELDON SCOTT SHOWALTER, including, but not limited to:

    a. Defendant SHELDON SCOTT SHOWALTER's failure to operate his vehicle with reasonable care under the circumstances;

    b. Defendant SHELDON SCOTT SHOWALTER's failure to maintain reasonable control over his vehicle;

    c. Defendant SHELDON SCOTT SHOWALTER's failure to operate his vehicle under a safe speed for the conditions the existing on the roadway; and

    d. Defendant SHELDON SCOTT SHOWALTER's failure to yield the right-of-way to the plaintiff so as to avoid the subject collision.

38. Upon information and belief, at the time of the collision, Defendant SHELDON SCOTT SHOWALTER was acting within the course and scope of his employment and/or apparent agency with Defendant LONG BAR S, INC., so as to make Defendant LONG BAR S, INC., vicariously liable for his negligent acts and omissions.

39. No act or omission on the part of the plaintiff caused or contributed to this incident or any of the resulting damages.

40. Plaintiff has suffered bodily harm and emotional distress as a result of this collision and the subsequent sequence of events between he and Defendant SHELDON SCOTT SHOWALTER as set forth more fully below.

## DAMAGES

41. The Plaintiff adopts and incorporates all of the information and allegations contained in paragraphs 1-40 above as though fully set forth herein.

42. Defendants are liable for the damages which Plaintiff has sustained as a result of Defendants' negligent, wrongful, and unjustified acts, which include, but are not limited to: his serious personal bodily injuries which are permanent and progressive in nature; his medical care and treatment to date and the costs associated with such treatment; the medical care and treatment he can reasonably expect to incur in the future and the costs associated with that medical care and treatment; his past and future pain, suffering, disability, and mental anguish; his permanent disfigurement; his loss of time and income to date and into the foreseeable future; and other damages, all in an amount in excess of $75,000.00.

43. The actions and conduct set forth herein on the part of Defendant SHELDON SCOTT SHOWALTER were outrageous, intentional, wanton, and reckless, and they showed an evil motive or reckless indifference or conscious disregard for the rights of the Plaintiff, and, therefore, the Plaintiff is entitled to punitive damages from Defendant SHELDON SCOTT SHOWALTER to punish and deter Defendant SHELDON SCOTT SHOWALTER and others from like conduct in the future.

44. No act or omission on the part of Plaintiff caused or contributed to his injuries or resulting damages.

45. Plaintiff is entitled to judgment against the Defendants in an amount in excess of $75,000.00, exclusive of interest and costs.

WHEREFORE, Plaintiff prays that judgment be entered in favor of the Plaintiff and against the Defendants for damages in an amount in excess of $75,000.00, for punitive damages against Defendant SHELDON SCOTT SHOWALTER, and for his fees, costs, and expenses incurred herein, and for such other further relief as the Court deems just and equitable.

Respectfully submitted by,


*s/Thomas B. Diehl*_____
Ronald P. Pope #11913
Thomas B. Diehl #23166
RALSTON, POPE & DIEHL, LLC
2913 SW Maupin Lane
Topeka, Kansas 66614
Phone: (785) 273-8002
Fax (785) 273-0744
ron@ralstonpope.com
tom@ralstonpope.com

   And

Benjamin Jackson #26922
Jackson Legal Group, LLC
105 E. 6th Street
Scott City, Kansas 67871
Phone:  (620) 874-9844
Fax:  (307) 369-1781
ben@jacksonlegalgroup.net
*Attorneys for the plaintiff*